IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**LOTUS FOODS BOSTON, LLC,**

     **Plaintiff,**　　　　　　　　　　　**Case No.:**

  **v.**

**GO FRESH 365, INC., AND
LONG DENG,**

     **Defendants.**

## COMPLAINT

AND NOW, comes the Plaintiff, Lotus Foods Boston, LLC, by and through its undersigned counsel, and submits the following Complaint, and in support thereof avers as follows:

### Parties

1. Lotus Foods Boston, LLC, is a Pennsylvania limited liability company with a principal place of business of 1649 Penn Ave., Pittsburgh, PA 15222.

2. Defendant Go Fresh 365, Inc., ("Go Fresh") is a Florida Corporation with an address of 10101 Sunset Strip, Sunrise, Florida 33322.

3. Defendant Long Deng ("Deng") is an adult individual and is the owner, officer and/or director of Go Fresh.

4. Deng is the registered agent of Go Fresh and has an address of 10101 Sunset Strip, Sunrise Florida, 33322, and is believed to be a resident of Florida or New York.

5. Collectively, Deng and Go Fresh will be referred to as "Defendants".

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

7. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b)(2).

## Facts

8. The Plaintiff incorporates the previous paragraphs by reference, as if set forth at length herein.

9. Prior to creation of Go Fresh, Deng was a shareholder and the Chief Executive Officer of a publicly traded company known as iFresh, Inc.

10. iFresh, Inc., was the owner and operator of retail supermarkets in various states, including Massachusetts.

11. In particular, iFresh, Inc., previously owned and operated a grocery store known as Ming's Supermarket which was located at 1102 Washington St., Boston, MA 02118 (the "New Ming Store").

12. As part of its operation of the New Ming Store, iFresh entered into a management agreement with New Ming, Inc.[1], an entity formed to operate the New Ming Store.

13. New Ming, Inc., entered into a loan agreement, management agreement, security agreement, including other ancillary notes and Agreements with the Plaintiff in the amount of $600,000.00.

14. A copy of the Loan Agreement is attached hereto as **Exhibit A.**

15. A copy of the Management Agreement is attached as **Exhibit B.**

---

[1] New Ming, Inc., has filed a Chapter 7 Bankruptcy in Massachusetts.

16. A copy of the Security Agreement is attached as **Exhibit C**.

17. Due to improper conduct, including the issuance of inaccurate financial statements, failure to disclose related party transactions, among other things, the Securities and Exchange Commission charged iFresh, Inc., and Long with various security related violations.

18. Upon information and belief, iFresh, Inc., in large part because of the issues with the Securities and Exchange Commission, experienced financial distress resulting in the appointment of a receiver by the primary lender of the business, Key Bank.

19. Ultimately, Long formed Go Fresh to purchase certain assets from the receiver, including the interest of iFresh, Inc. in the New Ming Store.

20. Thereafter, upon information and belief, in approximately March or April of 2023, New Ming, Inc., and the Defendants began to engage in discussions or negotiations to transfer the management of the store to Go Fresh.

21. At the time, both New Ming, Inc., and the Defendants were aware that: (1) New Ming, Inc., was in default of its loan with Plaintiff; (2) Plaintiff had a security interest in all the assets of the New Ming Store; and (3) Plaintiff had a judgment against New Ming, Inc.

22. Despite these facts, the Defendants took over the New Ming Store and began operating it without any payment to the Plaintiff or other creditors.

23. The Defendants have then taken the position that since they are a new

entity, despite the continuing operations and the related transactions, that they have no obligation to pay the obligation of the Plaintiff.

24. As of July 27, 2023, the amount owed to Plaintiff was:

| | |
|---|---|
| Loan Principal | $580,000.00[2] |
| Interest on Loan Balance | $50,496.00 |
| Outstanding Management Fees | $30,000 |
| Legal Fees incurred by Plaintiff | $141,076.94 |
| Total | $801,572.94 |

25. The Defendants are successors to New Ming, Inc., and as such are responsible for the loan obligation of New Ming, Inc.

26. The Defendants are subject to successor liability because:

   a. There is a continuity of enterprise between New Ming, Inc., and Defendants operation of the New Ming Store because:

      i. There is a continuity of management as the Defendants, through the previous entity owned and operated by Long, had an management agreement with New Ming, Inc.,

      ii. There are similar or identical employees and management involved with the New Ming Store;

---

[2] Lotus Foods Boston, LLC acknowledges that it is in receipt of $100,000 from New Ming, Inc., however this amount has not yet been applied to the Loan Principal.

      iii. The physical location, assets and general operation of the store are the same;

      iv. The former store ceased all operations and has not continued forward in any manner and has not paid the debts it owes;

      v. The Defendants have continued to operate the store in the normal course of business as it had operated previously.

b. Defendants' acquisition of the New Ming Store is a de facto merger or a mere continuation of New Ming, Inc., as:

      i. The business has continued in the same manner under the Defendants' acquisition as it had done so previously;

      ii. The acquisition of the New Ming Store was done in a manner to evade the claim and security interest of the Plaintiff;

      iii. There is a continuity of management as the Defendants, through the previous entity owned and operated by Long, had an management agreement with New Ming, Inc.,

      iv. There are similar or identical employees and management involved with the New Ming Store;

      v. The physical location, assets and general operation of the store are the same;

      vi. The former store ceased all operations and has not continued forward in any manner and has not paid the debts it owes;

    c. Defendants' acquisition of the New Ming Store was without adequate consideration and no provisions were made for creditors of New Ming, Inc., including the security interest of the Plaintiff.

27. As a result of the foregoing, the Defendants are liable to the Plaintiff as a successor.

## COUNT I:  BREACH OF CONTRACT
### Successor Liability

28. The Plaintiff incorporates the proceeding paragraphs as if set forth at length herein.

29. As successors in interest, the Defendants are liable under the contracts attached hereto as Exhibits to the Complaint.

30. The contracts have been breached in following manner:

    a. failing to pay the amount of the indebtedness in full;

    b. by breaching the management agreement by interfering with the management and operations of the business by the manager to the detriment of the Plaintiff;

    c. by diverting funds to an unauthorized account and to an account in the name of another entity, by failing to maintain sufficient financial resources to successfully continuing to operate the business or repaying the loan;

    d. by New Ming, Inc., having transferred all of its assets, in violation of the security interest of the Plaintiff, and filing for Bankruptcy;

    e. by New Ming, Inc., having fraudulently issuing checks by forging the name of the Plaintiff's principal;

    f. by interfering with the Plaintiff's security interest in the assets of New Ming, Inc.,

    g. by purporting to sell those assets without paying the lien of the Plaintiff, and in other manners.

31. The Plaintiff has fully performed its obligations under the agreements.

32. The Plaintiff has been damaged as it has not received any payment on its outstanding loan and its collateral has been wrongfully diverted.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in its favor and against the Defendants, in the amount of $801,572.94, plus interest, costs of suit, attorneys' fees, and other relief the Court deems just and reasonable under the circumstances.

## COUNT II: UNJUST ENRICHMENT

33. The Plaintiff incorporates the proceeding paragraphs as if set forth at length herein.

34. The Defendants received goods and benefited from the loan and services provided to the New Ming Store by the Plaintiff.

35. The Defendants have not paid for the receipt of those goods and services.

36. In fact, the Plaintiff has received no payment on the $580,000.00 loan it made, as well as the management services it provided, from any party.

37. But for the loan and services provided for by the Plaintiff, the store would have failed and no longer exist.

38. The Defendants have been unjustly enriched by their having taken over the store without remitting any payment to the Plaintiff.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in its favor and against the Defendants, in the amount of $801,572.94, plus interest, costs of suit, and other relief the Court deems just and reasonable under the circumstances.

### COUNT III:  CONSPIRACY

39. The Plaintiff incorporates the preceding paragraphs as if set forth at length herein.

40. As set forth above, the Defendants engaged in a civil conspiracy whereby they agreed and worked in unison with New Ming, Inc., to evade the debt of the Plaintiff and subvert its security interest in the assets of New Ming, Inc.

41. As such, the Defendants transferred the assets and operations of the New Ming Store to Go Fresh despite the pending security interest of Plaintiff and without payment of any amounts to the Plaintiff, and likely, other creditors of the Defendants.

42. This resulted in New Ming, Inc., then filing for bankruptcy and claiming it had no assets.

43. Furthermore, the Defendants have refused to acknowledge the ongoing and outstanding obligation to the Plaintiff and are attempting to use the corporate shield of Fresh 365 to enrich themselves to the detriment of Plaintiff.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in its favor and against the Defendants, in the amount of $801,572.94, plus interest, costs of suit, punitive damages, and other relief the Court deems just and reasonable under the circumstances.

<u>JURY DEMAND</u>

Plaintiffs claim trial by jury on all counts of this complaint.

Respectfully submitted,

Lotus Foods Boston, LLC

By its attorneys,

Dated: February 21, 2024

/s/ Devin K. Bolger
Devin K. Bolger (BBO# 703238)
Dinsmore & Shohl LLP
101 Arch St., Suite 1800
Boston, MA 02110
P: (857) 305-6396
Devin.bolger@dinsmore.com